UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **JACOB SEMMES** | **CASE NO. 2:22-CV-03494** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **LIBERTY MUTUAL FIRE INSURANCE CO ET AL** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the Court is an "Appeal and Incorporated Memorandum in Support of Appeal of Magistrate Court's September 22, 2023 Order Denying Motion for Leave to File Complaint in Intervention" (Doc. 48).

## INTRODUCTION

This suit arises from alleged Hurricane Laura and Hurricane Delta damage to plaintiff's home in Lake Charles, Louisiana. Plaintiff, who was then represented by attorneys affiliated with MMA, filed suit in this court against his insurer on August 24, 2022, raising claims of breach of insurance contract and bad faith.[1] Plaintiff's suit was one of over 1600 filed by MMA in the week surrounding the two-year filing deadline for Hurricane Laura claims, and the volume of suits filed at the last minute drew the court's notice. Upon review of the complaints, the court noticed further issues and began to conduct hearings. Further irregularities came to light, including the filing of duplicate suits, suits on behalf of plaintiffs who had already resolved their claims, suits filed on behalf of individuals who appeared to have no knowledge of the filing, and so on. The undersigned

---

[1] Doc. 1.

stayed all suits brought by MMA on October 21, 2022, and suspended all attorneys affiliated with the firm from practice within this district on March 3, 2023.[2]

On March 22, 2023, Substitute Attorney, Janet Avery filed a Motion to Substitute in place of William Huye.[3] The Magistrate Judge granted counsel's motion on March 27, 2023, terminated MMA attorneys from Plaintiff's representation, and ordered "[a]ny terminated counsel or anyone on behalf of [MMA] who believes he/she/it has a claim on any funds as a result of this litigation" to assert that claim withing 14 days of the date of the order.[4] The Electronic Order also stated that "[a]ny attempt to intervene in this litigation thereafter for purposes of asserting a privilege will not be allowed."[5]

On April 10, 2023, MMA moved to intervene in order to assert a claim for attorney's fees through the contingency fee agreement in its contract with Plaintiff and counsel for MMA, Clare Roubion, was added.[6] On April 13, 2023, counsel for MMA, Clare Roubion and Cane Ciolina, moved to withdraw.[7] The Magistrate Judge set a hearing on the unopposed Motion to Withdraw Roubion and Ciolina.[8]

---

[2] Doc. 4, 9. The suspension was originally for a period of ninety days, pursuant to the undersigned's authority under the Local Rules. It was extended on order of Chief Judge Terry A. Doughty, after unanimous vote of the Article III judges of the district, to a period of one year for John Zachary Moseley and R. William Huye, nine months for attorneys Cameron Sean Snowden and Claude Favrot Reynaud III, and six months for attorneys Grant P. Gardiner and James McClenny. *In re McClenny Moseley & Associates PLLC*, No. 3:23-mc-62 (W.D. La.), at doc. 2. The attorneys requested a hearing and Chief Judge Doughty referred the proceedings to the undersigned, who shortened Mr. Snowden's suspension to four months but left the other suspensions as is. *Id.* at doc. 38.
[3] Doc. 10.
[4] Doc. 14.
[5] *Id.*
[6] Doc. 16.
[7] Doc. 17.
[8] EO 18.

On April 17, 2023, attorneys, Kerry Miller and Rebekka Veith, moved to enroll on behalf of Plaintiff.[9] Plaintiff's counsel, Kerry Miller, filed an opposition to MMA's Motion to Intervene and submitted numerous documents to support his arguments that (1) MMA could not establish an attorney-client relationship with him, (2) even if such a relationship could be established, the contingency fee contract is a nullity because it was secured by Velawcity, a "modern-day case runner," and (3) MMA is prohibited from collecting a fee in her case due to its violations of the Louisiana Rules of Professional Conduct.[10]

[11] On April 24, 2023, counsel for MMA moved to withdraw the prior Motion to Intervene.[12] On April 26, 2023, the Magistrate Judge held a hearing as to MMA's counsel's Motion to Withdraw and the Motion to Withdraw MMA's Motion to Intervene.[13]

In the motion to withdraw, MMA acknowledged that its withdrawal would forfeit its "right to recover any portion of any funds received by Mr. Semmes pursuant to a future settlement or other money judgment in her favor . . . ."[14]

At the hearing a sidebar took place, after which Magistrate Judge Kay stated:

> All right. So let's make part of the official record in all three cases.[15] This is the substance of what we discussed at the sidebar. What I indicated was that . . . regardless of who was representing MMA at the moment, I was going to deny the motion to withdraw the motion to intervene. What I want

---

[9] Doc. 20; that Motion was granted on April 20, 2023, Doc. 21.
[10] Doc. 22.
[11] Doc. 21.
[12] Doc. 24.
[13] Doc. 28.
[14] Doc. 24, p. 1.
[15] The hearing also concerned motions to intervene with virtually identical procedural histories in *Brent Theriot v State Farm Fire & Casualty Co.*, No. 22-cv-4083 (W.D. La.) and *Jones-Bell v. Imperial Fire & Cas. Ins. Co.*, No. 22-cv-3855 (W.D. La.). The Magistrate Judge has issued memorandum orders denying the motions in those cases, which MMA has appealed and the undersigned is addressing by separate order.

>is someone representing MMA to formally reply to the opposition because I want the issues raised in that opposition to be vetted out.[16]

She further observed that the issues Plaintiff raised "are fairly standard for any of these cases" and that she wanted to have "a ruling that will flesh out the issues and . . . to which anyone involved in the remaining cases could refer should MMA attempt to intervene in some other case."[17] Accordingly, MMA withdrew its motion to withdraw the intervention.[18]

The Magistrate denied both motions and reset response/reply deadlines as to the Motion to Intervene and set a deadline of May 19, 2023 for MMA to file a reply as to the Motion to Intervene.[19]

On April 27, 2023, MMA counsel filed a Motion to Withdraw its Motion to Substitute Attorney, as to attorney Gwyneth O'Neill and William P. Gibbens for Clare Roubion and Dane Ciolino by MMA.[20] The Motion was granted on May 1, 2023.[21] The Magistrate Judge set a hearing for June 20, 2023.[22] The Magistrate expressly stated that MMA did not comply with the rely deadline as to the Motion to Intervene.[23]

After the June 20, 2023 hearing on the Motion to Intervene, the Magistrate Judge issued an Order setting a June 27, 2023 deadline for MMA to provide certain information regarding the Motion to Intervene; Plaintiff was ordered to file an affidavit concerning the

---

[16] Doc. 34, p. 4.
[17] Id.
[18] Id. p. 5.
[19] Id.
[20] Doc. 27.
[21] Doc. 29.
[22] EO 35.
[23] Id.

exact circumstances that led to the formation of the attorney-client relationship between MMA and Plaintiff, Semmes.[24]

Mr. Moseley submitted an affidavit which attested that he had expended $452 in court costs, $150 in service fees and $6,393.34 for the property inspection and estimate.[25] Subsequently, Plaintiff Semmes, through counsel, filed a supplemental opposition with attached exhibits. Plaintiff's opposition supported by documentation reflects that Mr. Semmes had received a letter in the mail advertising the services of MMA in August 2022. Mr. Semmes recalled that the letter referenced MMA only and the law firm's request to pursue Semmes' hurricane claim.[26] Thereafter, Semmes called the telephone number in the letter and was connected to a call center.[27] After that call, Semmes received an email through which he was invited to electronically sign a retention agreement with MMA. Semmes electronically signed the agreement.[28]

File material from MMA associated with Mr. Semmes reveal an "Intake Survey" associated with his case completed on August 16, 2022, bearing the logo for Velawcity. Plaintiff argued and the Magistrate concluded based on the material provided by the parties that Mr. Semmes and MMA's relationship was procured through a case runner in violation of Louisiana law.

---

[24] Doc. 38.
[25] Exhibit A, Doc. 39.
[26] *Id.* ¶¶ 4-5.
[27] *Id.* ¶ 6.
[28] *Id.* ¶¶ 6-7.

Magistrate Judge Kay issued a Memorandum Order denying MMA's Motion to Intervene.[29] The Magistrate Judge found that Plaintiff's first point of contact was the third-party marketing firm, Tort Network LLC, d/b/a Velawcity.[30] Also, she noted that the MMA file concerning Mr. Semmes, included the intake survey marked with the Velawcity logo and that a contingency fee contract was created the same day.[31] She noted and agreed with Magistrate Judge North that the contractual relationship between MMA and Velawcity was an arrangement wherein MMA agreed to pre-pay Velawcity a fixed rate of $3,000 to $3,500 for each pre-screened and signed contingency-fee agreement Velawcity to MMA.[32] Thus, the Magistrate Judge concluded that MMA was seeking to enforce a contingency fee contract between an attorney and client procured via a non-attorney case runner that may have engaged in the unauthorized practice of law. Thus, the Magistrate Judge found that such a fee agreement signed by Plaintiff Semmes was an absolutely nullity and unenforceable.

The Magistrate Judge further held that even if MMA's contract was valid, it would result in no recovery for MMA. To this end she pointed to Louisiana's rules governing apportionment of fees between successive counsel, under which the court must divide among the lawyers the highest ethical contingency fee to which the client agreed. *Saucier v. Hayes Dairy Prods., Inc.*, 373 So.2d 102, 108 (La. 1978). The division between counsel is based on several factors, now codified under Louisiana Rule of Professional Conduct

---

[29] Doc. 46.
[30] See Doc. 22, att. 7, p. 14, Marketing Services Agreement.
[31] Doc. 40, atts 2-3.
[32] See Doc. 22, att. 6, pp. 18-23.

1.5. Additionally, when former counsel is discharged for cause, his fee is reduced consistent with the "nature and gravity" of the conduct leading to his discharge in a "modified *quantum meruit* analysis." *O'Rourke v. Cairns*, 683 So.2d 697, 704 (La. 1996).

The Magistrate Judge determined that Plaintiff had dismissed MMA for cause due MMA's failure to have any individualized contact with Plaintiff and its minimal efforts to advance the lawsuit on behalf of Plaintiff.[33] Applying the above factors, she determined that MMA was entitled to no fee due to the nature and gravity of its misconduct. She noted that no attorney with MMA had individually assessed the validity of the suits they filed, that MMA had no individualized contacts with plaintiff, and that it "generally made minimal efforts on his behalf other than filing the lawsuit before the prescriptive deadline."[34] She further determined that MMA's widespread misconduct had "deprived it[] of the ability to provide any meaningful service to plaintiffs with legitimate claims" and thereby marred both the profession and client confidence.[35] Accordingly, she held that MMA could not establish a right to any percentage of the attorney fees that plaintiff's current counsel might recover.[36]

MMA's new counsel now appeals the Magistrate Judge's ruling. MMA argues that (1) she exceeded her statutory authority by conducting evidentiary hearings, receiving evidence, and ultimately rendering an opinion on a dispositive issue; (2) she was without jurisdiction to issue an advisory opinion; and (3) she clearly erred by failing to accept

---

[33] Doc. 46 pp. 9-10.
[34] *Id.* p. 10.
[35] *Id.*
[36] *Id.*

MMA's allegations as true and allow it to intervene on the basis of its contingency fee contract. Additionally, MMA argues that the Magistrate Judge "violated Fifth Circuit rules of fundamental fairness" by "*sua sponte* adjudicating the merits of MMA's claims." *Id.* Plaintiff opposes the appeal, asserting that the MMA waived the arguments not raised before the Magistrate Judge and that at any rate these arguments lack merit.

## LAW AND ANALYSIS

*Dispositive nature of ruling*

MMA alleges that Magistrate Judge Kay exceeded her authority under Federal Rule of Civil Procedure 72(a) by deciding its motion, because it maintains that the intervention is a dispositive motion. The court addresses this argument first because of its impact on the standard of review. Rule 72(a) provides in relevant part:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision.

Fed. R. Civ. P. 72(a). Several district courts in this circuit have regarded a motion to intervene as non-dispositive and within this delegation of authority. *See, e.g.*, *S.E.C. v. Kornman*, 2006 WL 148733, at *2 (N.D. Tex. Jan. 18, 2006); *Altier v. Worley Catastrophe Response, LLC*, 2012 WL 161824, at *5 (E.D. La. Jan. 18, 2012); *DOH Oil Co. v. QEP Res., Inc.*, 7631502, at *3 n. 2 (W.D. Tex. Mar. 19, 2020). As Judge Jackson noted recently, however, there is a circuit split on the issue and the Fifth Circuit has not taken a position. *Fisher v. Waste Mgmt. of La., LLC*, 2019 WL 2713053, at *1 (M.D. La. Jun. 28, 2019). Judge Jackson instead adopted the position of the Second and Eleventh Circuits, holding

that proposed intervenors are "parties" and that a motion to intervene is thus outside of a magistrate judge's authority under Federal Rule of Civil Procedure 72(a). *Id.*; *see N.Y. Chinese TV Progs., Inc. v. U.E. Enters., Inc.*, 996 F.2d 21, 25 (2d Cir. 1993); *Day v. Persels & Assoc., LC*, 729 F.3d 1309, 1322 (11th Cir. 2013). The undersigned agrees with the logic of this position and likewise adopts it, reading "parties" in this situation to include those applying to become parties.[37]

Contrary to MMA's assertions, the fact that a magistrate judge heard and issued an opinion on a dispositive motion does not render that opinion a nullity. A magistrate judge "must promptly conduct the required proceedings when assigned, without the parties' consent," to hear a dispositive pretrial matter. Fed. R. Civ. P. 72(b)(1). The magistrate judge then enters a report and recommendation, which is subject to de novo review if challenged. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). MMA's Motion to Intervene was referred to Magistrate Judge Kay and a record was made of all evidentiary proceedings. MMA filed its objections in the form of an appeal. Accordingly, the court will treat the order as a report and recommendation and conduct a *de novo* review of MMA's objections.

*Mootness*

MMA argues that the Magistrate Judge was without jurisdiction to make a ruling and that her order amounts to an advisory opinion in light of its attempt to withdraw the

---

[37] As the Ninth Circuit recently observed, the term does not have a fixed meaning and has in some cases been extended to absent class members as well. *Koby v. ARS Nat'l Servs. ,Inc.* 846 F.3d 1071, 1076 (9th Cir. 2017).

motion to intervene.[38] It also asserts that the Magistrate Judge addressed issues, such as MMA's right to recover in other cases, unnecessary to resolving the motion to intervene. Plaintiff notes that MMA only requested to withdraw its motion once, before the hearing, and that it thereafter sought additional time to respond while it retained counsel. It also submitted exhibits on its alleged client costs, negating its proposed waiver of any right to collect from Plaintiff. Additionally, given the withdrawals and attempted withdrawals of counsel, there was no clear indication as to who could or would bind MMA to such a renunciation by the time of the hearing.

MMA fails to show that it has an unconditional right to withdraw its attempted intervention. As a corollary, it is well-settled that a court may attach conditions to a plaintiff's motion to dismiss without prejudice or withdrawal of same in order to protect the interests of defendant. *Conley v. Aetna Life Ins. Co.*, 213 F.3d 635 (5th Cir. 2000); *Yoffe v. Keller Indus., Inc.*, 582 F.2d 982, 984 (5th Cir. 1978). The waiver of any right to fees was ineffective, given the withdrawal of the second law firm's attempt to enroll and the withdrawal of the motion to withdraw, and negated by MMA's subsequent conduct. Failing to resolve the intervention would have left Plaintiff exposed to a future suit by the firm for fees under its contract. The Magistrate Judge therefore acted properly in ruling on the motion.

---

[38] The Court address this argument notwithstanding the finding of waiver below because of its impact on jurisdiction.

*Waiver*

Plaintiff maintains that MMA has waived the arguments it failed to raise in its multiple opportunities to address the intervention. A party waives legal arguments he failed to present to the magistrate judge court absent "compelling reasons" for that failure. *Cupit v. Whitley*, 28 F.3d 532, 535 & n. 5 (5th Cir. 1994); *Freeman v. Cnty. of Bexar*, 142 F.3d 848, 851–52 (5th Cir. 1998).

MMA was given ample notice and opportunity to respond but chose to sit on its hands. Moseley requested an extension of the reply deadline and was granted same. He appeared with counsel at the June 20 hearing, then submitted evidence in support of the motion to intervene. Additionally, counsel from the previous law firm reenrolled within two weeks of the Magistrate Judge's decision and filed this appeal.[39] MMA's remaining objections relate to the Magistrate Judge's decision to adjudicate the merits of its claims in intervention along with its right to intervene. But plaintiff had notice of her intent to do this, and appeared to acquiesce when it submitted evidence on its entitlement to costs. "[A] party has a duty to put its best put forward before the Magistrate Judge—i.e., to spell out its arguments squarely and distinctly—and, accordingly, that party's entitlement to *de novo* review before the district court upon filing objections . . . does not entitle it to raise issues at that stage that were not adequately presented to the Magistrate Judge." *Smith v. Palafox*, 728 F. App'x 270, 276 (5th Cir. 2018) (quoting *Cupit*, 28 F.3d at 535 n. 5) (cleaned up).

---

[39] The Court also observes that the reply deadline on these objections has passed, and MMA has made no argument of "compelling reasons" in response to Plaintiff's assertion of waiver.

MMA has thus waived its remaining objections by failing to lodge them with the Magistrate Judge and this Court will not consider them.

## CONCLUSION

For the reasons explained herein,

**IT IS ORDERED** that the Appeal of the Magistrate Judge Decision (Doc. 48) be **DENIED.**

**THUS DONE AND SIGNED** in Chambers this 15th day of November, 2023.

_____
JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE